UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DATA RETRIEVAL TECHNOLOGY, LLC, | ) ) ) | CASE NO. C08-1702 RSM |
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER |
| v. | ) ) | |
| SYBASE, INC., and INFORMATICA CORPORATION | ) ) ) ) | |
| Defendants. | ) | |

## I.  INTRODUCTION

This matter comes before the Court on Defendants' Motion to Transfer.  (Dkt. #18).
Pursuant to 28 U.S.C. § 1404(a), Defendants argue that the instant patent litigation should be
transferred to the Northern District of California.  Defendants indicate that they are both
corporations headquartered in that district, and that the allegedly infringing products were
developed and marketed there.  Plaintiff responds that transfer is unwarranted because the
patent inventors reside in this district, and that substantial activities related to the patents have
also occurred in this district.  Plaintiff additionally contends that the patents have previously
been litigated in this district.

For the reasons set forth below, the Court agrees with Defendants, and GRANTS
Defendant's motion.

ORDER
PAGE - 1

## II.  DISCUSSION

### A.  Background

The instant lawsuit concerns two patents – U.S. 6,026,392 (the "'392 patent") and U.S. 6,631,382 (the "'382 patent") – regarding a method to transmit data.  The patented methods essentially synthesize, organize, and integrate large amounts of information into a new database.  These methods are generally used by intellectual technology companies in programs and software offered to the public in order to allow program-users a more efficient and streamlined method of accessing information.

On November 24, 2008, Plaintiff Data Retrieval Technology, LLC ("DRT") filed this patent infringement action against Defendants Sybase, Inc. ("Sybase") and Informatica Corporation ("Informatica").  Both Sybase and Informatica are in the business of developing and marketing software that integrates data and information.  DRT alleges that two products, Sybase's Data Integration Suite ETL and Informatica's PowerExchange, infringe upon the '392 patent and the '382 patent.  DRT indicated in its original complaint that it was the owner by assignment from Timeline, Inc. ("Timeline") of the patents at-issue, and that DRT had the exclusive right to bring suits for infringement of these patents.

Defendants claim, however, that publicly available information from the United States Patent and Trademark Office ("USPTO") evidenced that TMLN Royalty, LLC ("TMLN"), rather than DRT, possessed ownership of the patents at-issue by an assignment from Timeline.  The public records further revealed that Timeline, and not DRT, owned the patents at-issue at the time DRT filed the instant lawsuit.  As a result, Sybase and Informatica filed a declaratory judgment of non-infringement and unenforceability in the Northern District of California against DRT, TMLN, and Timeline.  (*See* Dkt. #22, Ex. A).

Shortly thereafter, DRT filed an amended complaint in this case.  DRT now alleges that it acquired the right to sue for infringement by virtue of an exclusive license from Acacia Patent Acquisition, LLC ("APAC") on October 14, 2008.  (Dkt. #8, Am. Compl., ¶ 11).  DRT further claims that APAC acquired this exclusive license from Timeline on July 30, 2008. (*Id.* at ¶ 10).  DRT also acknowledges that Timeline assigned its rights to TMLN after it had

assigned its right to APAC.  (*Id.* at ¶ 12).  DRT indicates Timeline's assignment to TMLN did not affect the previously granted license to APAC.  (Dkt. #32, Decl. of Osenbaugh, ¶ 6).

Defendants now bring the instant motion to transfer, claiming that the patents at-issue have no connection to the state of Washington.  Notably, all parties to this lawsuit are Delaware corporations with their principal place of business in California.  DRT is headquartered in Newport Beach, California, while Sybase and Informatica are both headquartered in the San Francisco Bay Area.

### B.  Motions to Transfer

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of this section is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and citation omitted).  The statute "displaces the common law doctrine of forum non conveniens" with respect to transfers between federal courts.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Section 1404(a) is not, however, simply a codification of the common law doctrine.  In passing § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of forum non conveniens.  *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).  The decision to transfer an action is left to the sound discretion of the trial court, and must be determined on an individualized basis.  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The statute has two requirements on its face.  First, the district to which defendants seek to have the action transferred must be one in which the action "might have been brought."  28 U.S.C. § 1404(a).  Second, the transfer must be for the "convenience of parties and witnesses," and "in the interest of justice."  *Id.*

Here, there is no question that this action could have been brought in Northern District of California.  Although all parties are incorporated in Delaware, all parties have their

ORDER
PAGE - 3

principal place of business in California.  The Northern District of California also has subject matter jurisdiction over the claims in this patent case, which require application of federal laws.  Indeed, DRT does not dispute that this action could have been brought in California.  Therefore the primary issue for this Court to resolve is whether the second requirement of § 1404(a) has been met.

In determining whether a transfer is appropriate under this requirement, the Court must weigh numerous factors, including: (1) the location of where the relevant agreements or alleged events in the lawsuit took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum, and the relation of those contacts to the plaintiff's cause of action; (5) the difference in cost of litigation in the two forums; (6) the availability of compulsory process to compel attendance of non-party witnesses; and (7) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  Other relevant considerations, drawn from the traditional forum non conveniens analysis, are: (8) the pendency of related litigation in the transferee forum; (9) the relative congestion of the two courts; and (10) the public interest in the local adjudication of local controversies.  *See Decker Coal*, 805 F.2d at 843. The burden is on the defendant to demonstrate that the transfer is warranted.  *Saleh, et al., v. Titan Corporation, et al.*, 361 F. Supp. 2d 1152, 1155 (C.D. Cal. 2005).  Because the above-mentioned factors cannot be mechanically applied, they shall be considered here under the statutory requirements of convenience of parties, convenience of witnesses, and the interests of justice.

### 1.  Convenience of the parties

There is a strong presumption in favor of plaintiff's choice of forum.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also Decker Coal*, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to upset the plaintiff's choice of forum."). "This presumption must be taken into account when deciding whether the convenience of the *parties* . . . requires a transfer."  *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003) (emphasis in original).  However, this presumption loses significant force when the plaintiff is

ORDER
PAGE - 4

not a resident of the chosen forum.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981) ("[A] foreign plaintiff's choice deserves less deference."); *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1157 (S.D. Cal. 2005) (finding that it is "appropriate to give less deference to a foreign plaintiff's forum choice where transfer is sought pursuant to § 1404(a)")

In the instant case, DRT is not a Washington corporation, does not have its principal place of business in Washington, and does not maintain an office in Washington.  Instead, DRT is a Delaware corporation with its principal place of business in Newport Beach, California.  Therefore DRT is not a resident of this forum and its contention that its choice of forum should be accorded great weight is significantly undermined.

In addition, in patent infringement cases, it is well-recognized that the preferred forum is "that which is the center of gravity of the accused activity."  *Amazon.com v. Cedant Corp.*, 404 F.Supp.2d 1256, 1260 (W.D. Wash. 2005) (quoting *Ricoh Co., Ltd., v. Honeywell, Inc.*, 817 F.Supp. 473, 482, n.17 (D. N.J. 1993)).  The district court "ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production."  *Ricoh*, 817 F.Supp. at 482, n.17.  Additionally, a court should consider "the location of the product's development, testing, research and production."  *Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F.Supp.2d 1039, 1044 (S.D. Tex. 2007) (citations omitted).  "Also relevant is the place where the marking and sales decisions occurred, not just the location of any particular sales activity."  *Id*. (internal quotations and citation omitted).

Here, there is no question that the allegedly infringing products are in California.  Both Sybase and Informatica are headquartered near San Francisco, and nearly all of the activities related to the infringing products occurred there.  For instance, Sumit Kundhu ("Mr. Kundhu"), the senior director of product management for Sybase, claims that:

> A substantial amount of the development work relating to Sybase ETL has occurred at Sybase's headquartered in the San Francisco Bay Area, and that is where many of the key Sybase employees who have participated or participate in the development work and/or product release management reside.

(Dkt. #19, Decl. of Kundu, ¶ 4).

ORDER
PAGE - 5

Likewise, Adam Wilson ("Mr. Wilson"), the senior vice president for product management and marketing for Informatica, indicates that:

> The vast majority of the development, marketing and finance documentation relating to Informatica's ETL products is located at Informatica's headquarters in the San Francisco Bay Area.  A substantial amount of documentation related to PowerExchange also resides at Informatica's headquarters in the San Francisco Bay Area.

(Dkt. #20, Decl. of Wilson, ¶ 4).

As a result, the proof relating to the development and marketing of the allegedly infringing products is located in the Northern District of California, and not in this district. Coupled with the fact that DRT is not a resident of this district, this factor clearly weighs in favor of transfer.

### 2. Convenience of the witnesses

"The relative convenience of the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh*, 361 F.Supp.2d at 1160 (citation omitted); *Int'l Comfort Products, Inc. v. Hanover House*, 739 F.Supp.503, 507 (D. Ariz. 1989).  "While the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the most important factor." *Saleh*, 361 F.Supp.2d at 1160 (citation omitted).  Additionally, the court must consider not only how many witnesses each side has and the location of each, but the importance of each witness as well. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984).

In this case, nearly all of Sybase's and Informatica's witnesses are located in the Northern District of California.  Again, the declarations of Mr. Kundhu and Mr. Wilson are compelling.  Mr. Kundhu indicates that:

> Witnesses with particular knowledge of the Sybase ETL development and release processes and history, and who work at Sybases's headquarters in the San Francisco Bay Area, include Kannan Ananthanarayanan and me.  Moreover, additional key management level employees responsible for the marketing, sales and accounting related to Sybase ETL also work at Sybase's headquarters and reside in the San Francisco Bay Area.

(Decl. of Kundu, ¶ 4).

With respect to Informatica's witnesses, Mr. Wilson reveals that:

ORDER
PAGE - 6

> The majority of the employees responsible for the development, marketing and finance related to Informatica's ETL products work and reside in the San Francisco Bay Area. Among the Informatica employees who work and reside in the San Francisco Bay Area with particular knowledge of marketing or development of Informatica ETL products are myself, Pinake Mukerji (Senior Vice President Engineering) and Girish Pancha, (Executive Vice President and General Manager Data Integration). A substantial number of employees responsible for the management of the development, marketing and finance relating to the PowerExchange product also work and reside in the San Francisco Bay Area.

(Decl. of Wilson, ¶ 5).

Furthermore, DRT does not dispute these contentions. Instead, DRT maintains that the inventors of the patents at-issue all reside in this district. But as Defendants indicate, the exclusive license agreement between Timeline and APAC indicates that these former employees of Timeline are obligated to fully cooperate in any litigation to enforce the patent rights. (Dkt. #21, Decl. of Bovich, Ex. E, § 5.4). The license agreement also reveals that the Timeline employees will be represented by counsel at no additional charge, compensated for any substantial time spent on the case, and reimbursed for out-of-pocket travel expenses. (Dkt. #35, Supp. Decl. of Bovich, Ex. A, § 2.4). Consequently, the inventors will not be substantially inconvenienced in the event they have to travel to the Northern District of California to participate in this case. This factor also weighs in favor of transfer.

### 3. Interests of justice

In considering the interests of justice, courts weigh such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Amazon*, 404 F.Supp.2d at 1261 (citation omitted). "The 'interest of justice' analysis relates . . . to the efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). Courts also consider which district has the most interest in litigating the dispute. *See Saleh*, 361 F.Supp.2d at 1167. "The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor." *Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197, *2 (S.D. Cal. 2005) (citing *A.J. Industries, Inc., v. United States Dist. Court for Cent. Dist.*, 503 F.2d 384, 389 (9th Cir.1974)).

ORDER
PAGE - 7

Here, it is indisputable that there is a related action that is currently pending in the Northern District of California.  Defendants have brought a declaratory action for non-enforceability against DRT in that district.  And while DRT contends that this action was surreptitiously brought, DRT cannot deny it was a legitimate lawsuit based on the inconsistent record of assignment by Timeline.  In addition, DRT's contention that the declaratory action is irrelevant because it is identical to the counterclaims in this district is also unavailing.  Counterclaims involving the same patents and products are compulsory rather than permissive.  *See* FRCP 13(a)(1)(A); *Akzona Inc. v. E.I. du Pont de Nemours & Co.*, 662 F.Supp. 603, 618 (D.Del. 1987) (citing 6 C. Wright & A Miller § 1410).  Therefore Defendants were required to bring their counterclaims in this Court.  Defendants' strategy to bring a declaratory action in another district is a litigation tactic that the Court need not question.

The Court also finds no merit in DRT's contention that previous cases filed in this district court involving the patents at-issue precludes transfer.  These cases involved different parties, were assigned to different judges in this district court, and are all currently closed.  *See Timeline Inc. v. ProClarity Corp.*, C05-1013 JLR; *Timeline Inc. v. Hyperion Solutions*, C01-0977 MJP; *Timeline Inc. v Oracle Corp.*, C00-1140 JCC; *Timeline Inc. v. Broadbase Software*, C99-1172 RSL; *Timeline Inc. v. Sagent Tech. Inc.*, C99-414 JCC.  Thus, efficiency will not be served by retaining the case before the undersigned judge.

With respect to the remaining factors to be considered under the interests of justice – such as the relative congestion of the courts, the costs of litigating in a different forum, and the public interest in local adjudication of local controversies – the Court finds that these factors are neutral.  The median times from filing to disposition as well as the raw number of cases in the Northern District of California and the Western District of Washington are relatively similar.  Additionally, DRT acknowledges that "the costs of DRT's employees and DRT's lead counsel will not change appreciably if the case is in San Francisco rather than in Seattle.  This is because DRT and its lead counsel have offices in locations that will require airplane travel regardless of where the case is conducted." (Dkt. #32 at 9).  Lastly, there is

ORDER
PAGE - 8

nothing compelling about this patent infringement case involving federal statutes with California companies that favors adjudication in this district over a district court in California.

Overall, Defendants have satisfied their burden of establishing that transfer is appropriate in this case. The convenience of the parties, the convenience of the witnesses, and the interests of justice all weigh in favor of transfer. The origin of the accused activity is in the San Francisco Bay Area, and all of Defendants' business records are located there. As Defendants indicate, there is no need to deviate from the well-settled rule that the origin of the accused activity is the preferred forum in a patent infringement action. *See Amazon.com*, 404 F.Supp.2d at 1260.

### III.  CONCLUSION

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1)  Defendants' Motion to Transfer (Dkt. #18) is GRANTED.  This case shall be TRANSFERRED to the United States District Court for the Northern District of California. The Clerk shall close this file and notify the Clerk of the Court in that district.

(2)  All pending motions (Dkts. #33 and #40) shall be STRICKEN AS MOOT.

(3)  The Clerk is directed to forward a copy of this Order to all counsel of record.


DATED this 8th day of April, 2009.



RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 9